Eastern District of Kentucky
FILED

AUG 17 2005

AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON

CIVIL ACTION NO. 04-517-JBC

ROBERT J. DURHAM,                                                                    PLAINTIFF

V.   **PROPOSED FINDINGS OF FACT
     AND RECOMMENDATION**

JO ANNE B. BARNHART, Commissioner,
Social Security Administration,                                                      DEFENDANT

\* \* \* \* \* \* \* \* \*

## I. INTRODUCTION

Plaintiff Robert J. Durham, by counsel, brings this action against the Commissioner of the Social Security Administration, under 42 U.S.C. § 405(g) for judicial review of the Commissioner's decision that he was not under a "disability," as defined in the Social Security Act, at any time through the date of the ALJ's decision, and that based on his application for Disability Insurance Benefits (DIB) filed on November 27, 2001, he was not disabled and was not entitled to disability benefits.

This matter is before the Court on cross-motions for summary judgment. [DE ##10, 11].

By Order of May 24, 2005, the district court referred this matter to the undersigned Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(B), for a report and recommendation on dispositive matters.

## II. ADMINISTRATIVE PROCEEDINGS

On application, plaintiff alleged that he became disabled on May 21, 2001, at age 29, due to pain and swelling in his left groin. This application was denied initially and on reconsideration, resulting in an ALJ hearing. On May 27, 2003, ALJ Roger L. Reynolds found that plaintiff had not been disabled at any time through the date of that decision; therefore, he was not entitled to disability benefits. (Tr. 17-24).

Plaintiff was born on February 26, 1972, has an eighth-grade education, and has past relevant work experience (PRW) as a tree trimmer, farm worker, and general laborer installing water sprinklers. Summarizing the ALJ's findings, the ALJ found that (1) claimant has not engaged in substantial gainful activity since his alleged onset date; (2) claimant's left groin strain with rupture of varicocele in left testicle and low back pain due to degenerative disc disease with small disc protrusion at L4/L5, are considered "severe" impairments; however, claimant's medically determinable impairments do not meet or medically equal an impairment listed in Appendix 1, Subpart P, Regulations No. 4; (3) claimant's allegations concerning his limitations are not totally credible; (4) claimant is unable to perform any of his PRW; (5) claimant has no transferable skills from any PRW; (6) claimant has the residual functional capacity (RFC) to perform a full range of light work; (7) based on claimant's RFC, age, education, and work experience, a finding of not disabled is directed by Medical-Vocational Rule 202.17; and (8) claimant has not been under a disability, as defined in the Social Security Act, at any time through the date of the ALJ decision, May 27, 2003. (Tr. 17-24).

On September 24, 2004, the Appeals Council declined to review the ALJ's decision (Tr. 7-9); therefore, the ALJ's decision represents the final decision of the Commissioner, and this matter is ripe for judicial review under § 1631(c)(3) of the Social Security Act, 42 U.S.C. § 405(g).

### III. APPLICABLE LAW

The scope of judicial review of the Commissioner's final decision is limited to determining whether the Commissioner's decision is supported by substantial evidence, see 42 U.S.C. § 405(g); Wright v. Massanari, 321 F.3d 611, 614 (6th Cir. 2003), and whether the correct legal standards were applied. Landsaw v. Secretary of Health and Human Services, 803 F.2d 211, 213 (6th Cir. 1986). "Substantial evidence" means such evidence as a reasonable person might accept as adequate to support a conclusion. Tyra v. Secretary of Health and Human Services, 896 F.2d 1024, 1028 (6th Cir. 1990), (quoting Kirk v. Secretary of Health and Human Services, 667 F.2d 524, 535 (6th Cir. 1981, cert. denied, 461 U.S. 957 (1983).

In reviewing a case for substantial evidence, the court may not try the case de novo, resolve conflicts in evidence, or decide questions of credibility. Garner v. Heckler, 745 F.2d 383 (6th Cir. 1984).

## IV. THE CROSS-MOTIONS FOR SUMMARY JUDGMENT

In support of his motion for summary judgment, plaintiff contends that the ALJ improperly rejected the opinion of consulting physician, Dr. Jeff Reichard, and that the ALJ erred by finding that plaintiff's complaints of disabling pain were not totally credible. For these reasons, plaintiff submits that the ALJ's decision is not supported by substantial evidence and that this action should be remanded to the Commissioner for an award of benefits. Alternatively, plaintiff requests that this case be remanded for further proceedings.

In response, the defendant submits that the Commissioner's decision is supported by substantial evidence and should be affirmed.

### Discussion/Analysis

In considering this matter, the Magistrate Judge has reviewed, in addition to the memoranda filed in support of each party's motion for summary judgment, the hearing decision, the medical evidence of record, and the transcript of the ALJ hearing.

**1.    weight given to the opinion of consulting physician, Dr. Jeff Reichard**

Plaintiff asserts that the ALJ failed to give the appropriate weight to the opinion of consulting physician Dr. Jeff Reichard, who performed a consultative examination of plaintiff in April of 2003, subsequent to the ALJ hearing. Dr. Reichard's report states in pertinent part, as follows:

> On visual inspection there is no gross swelling or abnormality of his left groin. There is no palpable evidence of a hernia. Furthermore, there was no evidence of bruising. I am unable to appreciate a testicular mass.
>
> The cervical portion of the spine allows about 50 degrees of flexion, 60 degrees of extension, 80 degrees of rotation bilaterally and 45 degrees of lateral flexion bilaterally. These studies are within normal limits.
>
> . . .

3

> Spine curvature is normal. The patient can squat and walk heel-to-toe. He can walk on his heels and on his toes. The patient had difficulty forward bending at the waist to 60 degrees. There is no evidence of paravertebral muscle spasm, and percussion of the lumbar spinous processes is not associated with tenderness. On examination of the spine, straight leg raising is diminished to 20 degrees bilaterally. There is no leg length discrepancy, and lateral motion of the spine is normal to 30 degrees bilaterally. There is no asymmetry of the fold of the skin in the popliteal or gluteal regions. There is no tenderness on palpation of the hips. Range of flexion of the hips with the knees flexed is normal to 100 degrees bilaterally. On neurological examination, there is no evidence of muscle weakness or atrophy, and all sensory modalities are well-preserved including light touch and pinprick. All deep tendon reflexes are brisk including the patellar and Achilles tendon reflexes bilaterally. The calves measure 16 inches bilaterally.
>
> . . .
>
> In summary, this is a tall young white male who apparently injured himself at work in 2001 while pulling a wood chipper. He has been evaluated by several specialists for left groin pain as well as chronic low back pain including MRI's [sic]. Unfortunately, the patient has undergone really no treatment in the form of either conservative physical therapy, epidural injections, medical treatment with prescription pain medications or surgery for his complaints. Medical information is fairly sparse but the patient apparently has documentation of lumbar spine injury with central disc protrusion o[f] L4-L5 on MRI. However, the etiology of his ongoing testicular pain remains unclear. On physical examination, he had some compromised range of motion findings. There is no scrotal swelling or palpable hernia present. Overall there is no muscle weakness or atrophy. Pinprick and light touch are intact throughout. Deep tendon reflexes are normal.
>
> The medical assessment sheet has been filled out.
>
> Based on the findings of this examination, the patient appears capable of performing a mild amount of ambulating, standing, bending, stooping, and lifting heavy objects.

Tr. 256-258.

Contrary to the foregoing statements made in Dr. Reichard's written report, in completing the Medical Source Statement of Ability to Do Work-Related Activities (Physical), Dr. Reichard indicated that plaintiff should never lift more than ten (10) pounds, either occasionally or frequently, that his walking and/or standing should be limited to less than two (2) hours in an 8-hour workday, and that he should never climb, balance, kneel crouch, crawl, or stoop. (Tr. 259-260).

4

The ALJ discounted Dr. Reichard's assessment of plaintiff's ability to perform work activities because the ALJ determined that that assessment "appears to have been based on the claimant's subjective complaints." (Tr. 21).

A physician's opinion may be rejected when there are contrary opinions by other sources or if the opinion is internally inconsistent. See 20 C.F.R. § 404.1527(d)(4) (2003); Jones v. Secretary of Health and Human Services, 945 F.2d 1365, 1370 (6th Cir. 1991). Additionally, if the physician's opinion is brief and conclusory and is not supported by clinical and laboratory findings, it is fully within the discretion of the ALJ to reject that opinion. See 20 C.F.R. § 404.1527(d)(3) (2003); Cutlip v. Secretary of Health and Human Services, 25 F.3d 284, 287 (6th Cir. 1994); Bogle v. Sullivan, 998 F.2d 342, 347 (6th Cir. 1993). Furthermore, conclusory opinions, opinions outside a physician's area of expertise or opinions of disability on matters reserved for the Commissioner may be rejected and are not accorded controlling weight. 20 C.F.R. § 404.1527(d)(3), (e) (2003); Cutlip, 25 F.3d at 287.

In this case, Dr. Reichard's findings concerning plaintiff's ability to do work-related activities do not appear to be supported by any diagnostic tests. For example, Dr. Reichard did not conduct any diagnostic tests; his report indicates that an x-ray of plaintiff's lumbosacral spine was not done because of processor problems. (Tr. 253-58). Dr. Reichard even noted in his report that the medical evidence was fairly sparse except for documentation of plaintiff's lumbar spine injury with a disc protrusion. (Tr. 258). Additionally, Dr. Reichard's findings concerning plaintiff's ability to do work-related activities are inconsistent with his report. For example, at the conclusion of his written report, Dr. Reichard stated: "Based on the findings of this examination, the patient appears capable of performing a mild amount of ambulating, standing, bending, stooping, and lifting heavy objects." (Tr. 258). However, in the medical assessment sheet attached to his report, Dr. Reichard indicated that plaintiff should not lift **more than ten pounds** and that he should **never** stoop. (Tr. 260).

5

Based on the lack of independent testing performed by Dr. Reichard and the inconsistencies between his written report and the medical assessment sheet, the Magistrate Judge concludes that the ALJ properly discounted Dr. Reichard's opinion.

2. **ALJ's assessment of plaintiff's subjective complaints of disabling pain**

Plaintiff also contends that the ALJ erred by finding that plaintiff's subjective complaints of disabling pain were not totally credible.

When a claimant alleges disability based on subjective complaints, he must first present objective medical evidence of an underlying medical condition. See 20 C.F.R. § 404.1529; Walters v. Commissioner of Social Security, 127 F.3d 525, 531(6th Cir. 1997). If a medically determinable condition exists, the adjudicator must then determine if the objective medical evidence confirms the severity of the alleged pain stemming from the condition or if the condition is of such severity that it could reasonably be expected to give rise to the alleged pain. See Id. If disabling severity is not shown by the objective medical evidence, the adjudicator will also consider other factors. See Id. "The absence of sufficient objective medical evidence makes credibility a particularly relevant issue, and in such circumstances, this court will generally defer to the Commissioner's assessment when it is supported by an adequate basis." Walters, 127 F.3d at 531.

Although the objective medical evidence in this case indicates the presence of an underlying medical condition, the objective medical evidence did not confirm the severity of plaintiff's alleged symptoms, and the record as a whole does not indicate that plaintiff's condition was of disabling severity. Walters, 127 F.3d at 531; 20 C.F.R. § 404.1529; see also Higgs v. Bowen, 880 F.2d 860, 863 (6th Cir. 1988) ("The mere diagnosis [of a condition], of course, says nothing about the severity of the condition.").

The Magistrate Judge concludes that the ALJ properly discussed plaintiff's allegations and the other relevant evidence in determining the credibility of plaintiff's subjective complaints of disabling symptoms and pain and in assessing plaintiff's RFC (Tr. 20-21) and that the record

6

provides substantial evidence to support the ALJ's finding that plaintiffs conditions, including plaintiff's subjective complaints of disabling pain, were not as limiting as alleged.

## V. CONCLUSION

Having reviewed the administrative record, including the medical evidence, the cross-motions for summary judgment, and the applicable law concerning judicial review of the Commissioner's decision, the Magistrate Judge concludes that the Commissioner's decision that Plaintiff is not disabled is supported by substantial evidence.

Accordingly, **IT IS HEREBY RECOMMENDED** that plaintiff's motion for summary judgment [DE #10 ] be **DENIED**, that the defendant's motion for summary judgment [DE #11] be **GRANTED**, and that this action be **DISMISSED** and **STRICKEN** from the docket.

The Clerk of the Court shall forward a copy of the Magistrate Judge's Proposed Findings of Fact and Recommendation to the respective parties who shall, within ten (10) days of receipt thereof, serve and file timely written objections to the Magistrate Judge's Findings of Fact and Recommendation with the District Court or else waive the right to raise the objections in the Court of Appeals. 28 U.S.C. section 636(b)(1)(B); Thomas v. Arn, 728 F.2d 813 (6th Cir. 1984), affirmed, 474 U.S. 140 (1985); Wright v. Holbrook, 794 F.2d 1152, 1154-55 (6th Cir. 1986); Fed.R.Civ.P. 6(e).

This 17th day of August, 2005.

JAMES B. TODD,
UNITED STATES MAGISTRATE JUDGE