UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

**CIVIL ACTION NO. 04-517-JBC**

**ROBERT J. DURHAM,** **PLAINTIFF,**

V. **O R D E R**

**JO ANNE BARNHART, COMMISSIONER,**
**SOCIAL SECURITY ADMINISTRATION,** **DEFENDANT.**

\* \* \* \* \* \* \* \* \* \*

The plaintiff brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of an administrative decision of the Commissioner of Social Security denying Supplemental Security Income benefits. Upon cross-motions for summary judgment (DE 10, DE 11), the court referred this action to United States Magistrate Judge James B. Todd, who issued the Proposed Findings of Fact and Recommendation (DE 13). The plaintiff has filed objections to the Report and Recommendation (DE 14).

When the parties to an action submit objections to the Magistrate Judge's report, the district court reviews the record *de novo*. 28 U.S.C. § 636 (b)(1)(C).

The court, having reviewed the record in light of the plaintiff's objections and being otherwise sufficiently advised, will adopt the Magistrate Judge's Report and Recommendation and affirm the Commissioner's decision.

**The Plaintiff's Objections to the Report and Recommendation**

The plaintiff objects to the Magistrate Judge's Report on two grounds: (1)

that the Magistrate Judge erred in finding that the Administrative Law Judge ("ALJ") properly discounted the opinion of Dr. Jeff Reichard; and (2) that he further erred in finding that the ALJ's determination that the plaintiff's alleged pain was not disabling was supported by substantial evidence.

Review of the ALJ's decision to deny disability benefits is limited to determining whether substantial evidence exists to support the denial decision and whether the Secretary properly applied relevant legal standards. *Brainard v. Sec'y Heath & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989), *citing Richardson v. Perales*, 402 U.S. 389 (1971). "The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive. . . ." 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401.

**Dr. Reichard's Opinion**

The plaintiff's alleged disability arises from lower back and groin pain. Dr. Reichard performed a consultative examination of the plaintiff on April 6, 2003. The examination revealed no swelling or abnormality of the left testicle, no palpable evidence of a hernia, no bruising, and no indication of a testicular mass. AR 256. Dr. Reichard noted that "the etiology of [the plaintiff's] ongoing testicular pain remains unclear." AR 258. Noting some limitations in the plaintiff's range of motion, Dr. Reichard stated that he was nonetheless "capable of performing a mild amount of ambulating, standing, bending, stooping, and lifting heavy objects." *Id.*

Dr. Reichard was unable to obtain x-rays of the plaintiff due to processor problems. Dr. Reichard believed that there existed sparse medical evidence, and he relied largely on the plaintiff's own statements of his medical history. AR 255. He was able to review Dr. Thomas Serey's progress notes. *Id.* He acknowledged that an MRI confirmed an L4-L5 central disc protrusion. AR 258.

Contrary to the observations made and conclusions reached in his written report, Dr. Reichard opined in a medical source statement that the plaintiff could not lift or carry more than 10 pounds, could not stand or walk more than 2 hours per day, and could never climb, balance, kneel, crouch, crawl, or stoop. AR 259-60.

Social security regulations direct that the weight given to a medical opinion is affected by the evidence given to support it, "particularly medical signs and laboratory findings," and its consistency with the record as a whole. 20 C.F.R. §§ 404.1527(d)(3), (4); *see also Villarreal v. Sec'y Heath & Human Servs.*, 818 F.2d 461, 463 (6th Cir. 1987) (final report could be discredited where there was no supporting medical evidence and the report was inconsistent with doctor's prior opinions).

Dr. Reichard's written opinion gives a more favorable prognosis than is reflected in the medical source statement he provided. Because the two assessments are inconsistent, and because the medical source statement was not substantiated by the record, the ALJ was entitled to discredit Dr. Reichard's

opinion.

**Complaints of Disabling Pain**

Pain alone can establish a disability. *King v. Heckler*, 742 F.2d 968, 974 (6th Cir. 1984). The Sixth Circuit employs a two-pronged test to evaluate subjective complaints of pain. *Jones v. Sec'y Heath & Human Servs.*, 945 F.2d 1365, 1369 (6th Cir. 1991). First, the plaintiff must present "objective medical evidence of an underlying medical condition." *Id.* Second, the plaintiff must establish that either the objective evidence "confirms the severity of the alleged pain" or the condition itself "is of such a severity that it can reasonably be expected to produce the alleged disabling pain." *Id.*

The ALJ determined that the plaintiff has an objectively verifiable medical condition, a "left groin strain with rupture of varicocele in left testicle and low back pain due to degenerative disc disease with small disc protrusion at L4/L5." AR 20. The ALJ then considered the plaintiff's subjective complaints. Contrary to the plaintiff's impression that the ALJ did not consider the "regulatory factors" in his analysis, the ALJ explicitly enumerated and discussed those factors, including treatment, functional limitations, and daily activities, in his opinion. *Id.* The ALJ found that the plaintiff's subjective complaints were contradicted by the objective evidence on the record, because the plaintiff's doctors consistently failed to find any significant abnormalities, and the plaintiff did not follow the courses of treatment and therapy that were recommended. AR 21.

The ALJ's conclusion that the objective medical evidence does not confirm the plaintiff's allegations is supported by substantial evidence on the record. For example, Dr. Mark Sexter evaluated the plaintiff on May 5, 2003, found his left testicle to be normal, and saw no reason to restrict the plaintiff's activity. AR 253. Dr. Kenneth Graulich concluded that there were "no objective findings for [the plaintiff's] subjective complaints of pain and disability." AR 246. A reasonable mind could find that the plaintiff's complaints are exaggerated based on the record, and the ALJ did not err in so finding.

There was also no indication that the plaintiff's condition is one that is reasonably expected to produce disabling pain. Even assuming that the objectively verifiable impairments are capable of causing such pain, that potential does not equate to reasonable expectation. *See, e.g., Duncan v. Sec'y Heath & Human Servs.*, 801 F.2d 847, 853-854 (6th Cir. 1986) (mildly degenerative back disease and arthritis not reasonably expected to cause disabling pain). Accordingly,

**IT IS ORDERED** that the Magistrate Judge's Proposed Findings of Fact and Recommendation (DE 13) is **AFFIRMED** and is **ADOPTED** as this court's opinion.

**IT IS FURTHER ORDERED** that the plaintiff's motion for summary judgment (DE 10) is **DENIED**.

**IT IS FURTHER ORDERED** that the Commissioner's motion for summary judgment (DE 11) is **GRANTED**.

5

Signed on October 5, 2005

JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY